UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| KENNY MINIX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-90-ART |
| | ) | |
| v. | ) | |
| | ) | |
| KAWASAKI MOTORS CORP., U.S.A., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 6, 2009, the defendant removed this product liability case on the basis of diversity jurisdiction without any evidence as to the amount in controversy.  R. 1.  As a result, the Court ordered the defendant to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction.  R. 3.  This show cause order was entered on July 7, 2009, and it gave the defendant ten days from that date to respond.  *Id.*  The Court calculated that this ten-day period would expire on July 17, 2009.  When no response was received by that date, the Court entered an order remanding the case to state court.  R. 6.  The defendant has now filed a motion to reconsider the Court's remand order, R. 7, as well as a response to the Court's earlier show cause order, R. 8.

In its motion to reconsider, the defendant argues that the Court prematurely remanded the case before the defendant's response to the show cause order was due.  Relying on Fed. R. Civ. P. 6(a)(2), the defendant contends that the Court should have excluded weekends from its calculation of the response due date since the response period was less than eleven days.  Thus, the defendant argues that it should have been given until July 21, 2009, to file its response.  In this regard, the

Court points out that it intended for the response to be due on July 17, 2009. That is why the Court ordered the response to be submitted within ten days of the date of the show cause order, rather than within a generic ten-day period. Nevertheless, the Court acknowledges that the wording of the order was ambiguous, and in light of this ambiguity, the Court should have given the defendant until July 21, 2009, to respond to the show cause order. Despite this fact, though, the Court is now unable to entertain the motion to reconsider because once a case has been remanded to state court for lack of subject matter jurisdiction, 28 U.S.C. § 1447(d) divests the Court of authority to reconsider the remand order. *See Gibson v. Am. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4858396, at *1 (E.D. Ky. Nov. 7, 2008).

However, even if the Court had authority to reconsider its remand order, it would not reach a different conclusion. The defendant has presented no evidence showing that the amount in controversy in this particular case exceeds $75,000. As a result, it would be pure speculation to say that the sum of the plaintiff's claims meets the amount-in-controversy requirement for diversity jurisdiction. Such speculation obviously does not satisfy the defendant's burden of proving the jurisdictional amount by a preponderance of the evidence. *See King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993)). In fact, such speculation raises as many doubts about the amount in controversy as it answers, and since all doubts as to the propriety of removal must be resolved in favor of remand, *Coyne Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994), the defendant clearly cannot rely on this speculation as sufficient proof of the amount in controversy. Rather, to satisfy its burden, the defendant must come forward with competent proof as to the amount in controversy, *see id.* at 959-60 (citing *Gafford*, 997 F.2d at 160), and it must

2

allege the facts essential to show jurisdiction, *see Gafford*, 997 F.2d at 160.  As this has not been done in this case, the defendant has failed to demonstrate the existence of the requisite amount in controversy.  Accordingly, there is no basis on which the Court can exercise diversity jurisdiction over this case.

To be sure, the defendant has advanced several theories as to why this Court should exercise diversity jurisdiction in this case.  None of these theories withstands scrutiny though.

First, the defendant argues that a fair reading of the complaint reveals that the amount in controversy exceeds $75,000 since the plaintiff is seeking compensatory and punitive damages for "severe and permanently crippling and disabling bodily injuries."  While this language in the complaint certainly indicates that the plaintiff considers his injuries to be serious, it says nothing about the amount that he seeks to recover.  Therefore, it cannot be said that a fair reading of the complaint reveals that the jurisdictional amount is satisfied.  Nevertheless, the defendant contends that *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560 (6th Cir. 2001), compels a finding to the contrary.  In *Hayes*, the Sixth Circuit found that the requisite amount in controversy was present because a fair reading of the complaint—which sought unspecified and unliquidated damages—revealed that more than $75,000 was in controversy.  *Id.* at 573.  *Hayes* is of no avail to the defendant in this case, though, since it does not stand for the proposition that a case can be removed on the basis of diversity jurisdiction when there is absolutely no evidence as to the amount in controversy.  It must be remembered that in *Hayes* there actually was some evidence in the record—albeit scant—as to the amount in controversy.  *See id.* at 565-66.  Thus, the *Hayes* court apparently considered this evidence to be sufficient to proof of the amount in controversy.  In the instant case, however, the Court has no evidence upon which to evaluate the amount in controversy.

3

Accordingly, the Court cannot find that the amount-in-controversy requirement is satisfied without engaging in impermissible and unwarranted speculation.

Second, the defendant points out that the plaintiff seeks to recover for lost wages, loss of future wages, and a permanent impairment of his ability to earn money. The defendant asserts that if the plaintiff can prove $4,000 of lost income each year for twenty years, his damages will be in excess of $80,000, thereby satisfying the jurisdictional amount. The problem with this argument is that it is not tethered to the facts of this case. It is unclear why the defendant chose these figures as proof of the amount in controversy, and nothing indicates that these figures have any actual connections to the facts or claims involved in this case. Thus, this argument appears to be based on nothing more than fabricated hypothetical damages that have no demonstrable basis in the facts of this case. As a result, this argument does not present the kind of competent proof necessary to prove the amount-in-controversy requirement. *See King*, 593 F. Supp. 2d 959-60.

Third, the defendant has submitted a report concerning the average jury verdicts in Kentucky product liability cases from 1998 though 2008. This evidence shows that the average verdict in such cases exceeded the $75,000 requirement for diversity jurisdiction. However, this evidence has no bearing on whether the amount in controversy in this particular case exceeds the jurisdictional amount. The fact that a certain average amount has been recovered in product liability cases in the past does not prove by a preponderance of the evidence that the same amount is at stake in this entirely different case.

The defendant also suggests that it should not be faulted for removing this case without proof of the amount in controversy because if it had waited to obtain proof, it would have likely missed the thirty-day deadline for removal. However, as this Court explained in *King*, this argument ignores

a key portion of the removal statute. *See King*, 593 F. Supp. 2d at 960 n.2. The thirty-day clock for removal starts to run when the case becomes removable, not necessarily when the complaint is filed. *See* 28 U.S.C. § 1446(b). If the complaint does not recite an amount in controversy, then the case does not become removable—and the thirty-day clock does not start to run—until the defendant receives "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."[1] Such "other paper" may come in the form of discovery responses, such as answers to interrogatories or requests for admission. *See King*, 593 F. Supp. 2d at 960 n.2; *see also Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614, 616 (E.D. Ky. 1995) (holding that the case did not become removable until answers to interrogatories revealed that the plaintiffs were seeking more than the jurisdictional amount). Thus, when the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case. To require a defendant to remove first and ask questions later would place it in the unenviable position of having to speculate about the amount in controversy, which would then force the defendant to face the prospect of paying attorney's fees to the plaintiff if it wrongly guesses that the jurisdictional amount is satisfied. *See Wood*, 937 F. Supp. at 617 (quoting *Rollwitz v. Burlington N. R.R.*, 507 F. Supp. 582, 588 n.7 (D. Mont. 1981)). Moreover, allowing defendants to remove on the basis of speculation as to the amount in controversy would be incredibly inefficient because it would ultimately result in more remands occurring at later stages in litigation, thereby wasting significant resources. As there is a perfectly easy and foolproof method of obtaining the amount in controversy prior to removal—i.e., pre-removal discovery—there is no reason why such

---

[1]However, in any event, no case can be removed on the basis of diversity jurisdiction more than one year after its commencement. 28 U.S.C. § 1446(b).

undesirable outcomes should be risked.

Finally, although the Court must deny the motion to reconsider, it hastens to point out that the defendant has not squandered its only opportunity to remove this case. It is well established that if a case is remanded to state court for lack of subject matter jurisdiction, it can be removed a second time if new developments—such as discovery responses—reveal that the amount-in-controversy requirement for diversity jurisdiction is in fact satisfied. In *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780 (7th Cir. 1999), for example, the case was originally remanded to state court after the district court concluded that the amount in controversy had not been adequately established. *Id.* at 781. After remand, however, the plaintiffs revealed in discovery that the amount in controversy was greater than $75,000. *Id.* Accordingly, the defendants removed the case for a second time. On appeal, the Seventh Circuit held that "[n]othing in § 1446 forecloses multiple petitions for removal." *Id.* at 782. The court further explained that "[a] premature removal may lead to a perfectly justified remand; but when matters change—for example . . . by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed [again], provided only that it is less than one year old." *Id.* The Seventh Circuit also held that the second removal did not violate the ban on the review of remand orders that is found in § 1447(d) since the second removal was premised on the intervening event of the plaintiffs' concession, rather than an attempt to have the remand order reconsidered or reviewed. *See id.* at 783. Similarly, in *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996), the Fifth Circuit stated that:

> As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.

6

*Id.* at 492 (footnote and citations omitted).   Thus, if subsequent events—such as discovery responses—reveal that the amount in controversy exceeds the jurisdictional amount, the defendant will be able to remove this case again.

For the foregoing reasons, it is hereby **ORDERED** that the defendant's motion to reconsider, R. 7, is **DENIED**.

This the 23rd day of July, 2009.

**Signed By:**

*Amul R. Thapar*

**United States District Judge**

7